

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-20-00329-CV

———————————————

AKMK PROPERTIES, LLC, Appellant

V.

TARRANT APPRAISAL DISTRICT, Appellee

On Appeal from the 352nd District Court
Tarrant County, Texas
Trial Court No. 352-301674-18

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant AKMK Properties, LLC and Intervenor KAM Properties, LLC attempt to appeal from the trial court's "Order on Plaintiff's Motion for Leave to File Second Amended Petition and Intervenor's Motion for Leave to File First Amended Plea in Intervention" signed September 21, 2020. We notified AKMK and KAM by letter that we were concerned that we might not have jurisdiction over this appeal because it does not appear to be a final judgment or an appealable interlocutory order. We stated that unless AKMK and KAM or any party desiring to continue the appeal filed with the court, on or before Monday, November 2, 2020, a response showing grounds for continuing the appeal, this appeal could be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3. We received no response.

The order that AKMK and KAM attempt to appeal is not listed in the interlocutory-appeal statute as one that is immediately appealable. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014; *see also Tucker v. Macias*, No. 08-02-00003-CV, 2003 WL 21357188, at *1 (Tex. App.—El Paso June 12, 2003, no pet.) (mem. op.) (holding that because an order denying amendment of appellant's pleadings was neither a final judgment nor an appealable interlocutory order, the court had no jurisdiction over the appeal); *Sw. Bell Tel. Co. v. Pub. Util. Comm'n of Tex.*, 615 S.W.2d 947, 952 (Tex. App.—Austin 1981, writ ref'd n.r.e.) (holding that trial court's ruling on a petition in intervention generally cannot be appealed until after the trial court signs a final

2

judgment in the case). Furthermore, AKMK and KAM have not directed us to any authority showing that we have jurisdiction over this interlocutory appeal.

Because the order denying amendment of AKMK's and KAM's pleadings is neither a final judgment nor an appealable interlocutory order, we have no jurisdiction over this appeal. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Per Curiam

Delivered: December 17, 2020